UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TYRONE PIERCE,
     Plaintiff,

     v.

PUTNAM POLICE DEPARTMENT, *et al.*,
     Defendants.

No. 3:13-cv-01214 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915 & 1915A**

Plaintiff Tyrone Pierce has filed this constitutional tort action under 42 U.S.C. § 1983 against a police department and numerous law enforcement officers. Based on my review of plaintiff's amended complaint, it is clear that this action is frivolous. Accordingly, the Court will *sua sponte* dismiss this action.

BACKGROUND

Plaintiff alleges that three people—including plaintiff's ex-girlfriend—forced their way into his elderly grandmother's apartment in Hartford, Connecticut on July 10, 2014. Plaintiff's grandmother was restrained against her will, and the intruders stole $5,000 from a suitcase that was hidden in her bedroom closet.[1] The police soon apprehended plaintiff's ex-girlfriend who confessed to the crime. According to plaintiff, however, the police then failed to execute subsequent arrest warrants for the ex-girlfriend or her two accomplices.

More than three years later, in August 2007, another police officer interviewed plaintiff about the robbery of his grandmother's home after he had complained to the police that they had not arrested the perpetrators. Plaintiff complained at that time that the police had "substantial

---

[1] Although plaintiff does not allege in the complaint whose money was stolen, he has attached a police report reciting that he told the police that the money belonged to both him and his grandmother. Doc. #9 at 10. The police report also reflects that plaintiff himself was incarcerated in August 2007 for allegedly kidnapping and assaulting his ex-girlfriend on July 10 and 11, 2004. *Ibid.* Plaintiff's address of record in the Court's file reflects that he remains an inmate of the Connecticut Department of Correction.

evidence, including but not limited to [his ex-girlfriend's] video taped confession on July 11, 2004, the day after the robbery / home invasion, to conclusively prove who committed this crime, yet failed to take the appropriate action against [the] crime / officers." Doc. #9 at 4.

Following plaintiff's complaint to the police, a detective from the "cold case" unit secured an arrest warrant for plaintiff's ex-girlfriend, and she was eventually arrested in January 2008. Plaintiff's court complaint does not describe what happened next except to say that he continued to lodge complaints with the police in 2011 and 2013. His court complaint alleges that "[b]ut for the defendant's errors and failure of duties, the plaintiff's civil rights would not have been violated along with his elderly grandmother, who was 86 years old and a deaf/mute at the time." Doc. #9 at 3.

Plaintiff's complaint names as defendants the Putnam Police Department, as well as numerous individual law enforcement officials from Connecticut and Massachusetts who were allegedly involved with the events in question. He seeks compensatory and punitive damages of $2 million against each of the defendants.

## DISCUSSION

It is well established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although the Court must accept as true all factual matters alleged in a complaint, a complaint may not survive unless its factual recitations state a claim to relief that is at least plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same).

This Court has authority to review and dismiss *sua sponte* a legally frivolous complaint. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b) (screening of complaints filed by a prisoner seeking redress from a governmental entity, officer, or employee); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (*per curiam*). "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

Plaintiff's complaint is frivolous for at least two reasons. First, it is self-evidently barred by the three-year statute of limitations that governs constitutional claims filed under Section 1983. *See Lounsbury v. Jeffries*, 25 F.3d 131, 133-34 (2d Cir. 1994). A Section 1983 cause of action accrues—and the statute of limitations clock begins running—when a plaintiff knows or has reason to know of the injury that is the basis of his action. *See, e.g., Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002). Here, plaintiff filed this federal court action on August 22, 2013. This was far longer than three years after he knew of the police's alleged failure to take appropriate action with respect to the perpetrators of the robbery at his grandmother's home. Indeed, plaintiff's own complaint alleges that he complained to the police about their inaction in August 2007—six years before he filed this federal court action.

A second reason that plaintiff's complaint is frivolous is because it relies on an indisputably meritless theory of law: that a plaintiff has a constitutional right to have the government arrest and prosecute someone else who has committed a crime. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755, 759-62, 768 (2005) (rejecting spouse's claim that she had a constitutional right to have police enforce a restraining order; noting that substantive

due process does not "require the State to protect the life, liberty, and property of its citizens against invasion by private actors," that police discretion does not create a property interest sufficient for procedural due process claim, and that "the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations") (internal citations and quotation omitted); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Harrington v. County of Suffolk*, 607 F.3d 31 (2d Cir. 2010) (no procedural due process right to have police conduct an adequate investigation of a fatal traffic accident).

In short, plaintiff's complaint is frivolous. It is clearly time-barred and it rests on a manifestly meritless claim for constitutional relief.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this action. Because it would be futile for plaintiff to amend his complaint again, this dismissal is with prejudice. The Clerk is directed to close this case.

It is so ordered.

Dated at New Haven this 29th day of July 2015.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge

4